UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORDELL POWELL,

        Petitioner,

v.                                          CASE NO. 06-11325
                                            HONORABLE ARTHUR J. TARNOW

CARMEN D. PALMER,

        Respondent.
        _____/

## **ORDER GRANTING PETITIONER'S MOTION FOR A STAY**
## **AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

**I. Introduction**

On March 30, 2006, petitioner Cordell Powell filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for first-degree murder, armed robbery, and felony firearm. The trial court sentenced Petitioner to two years in prison for the felony firearm conviction, followed by concurrent terms of 225 to 600 months (eighteen years, nine months to fifty years) for the armed robbery and life imprisonment for the murder. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Powell*, No. 244915 (Mich. Ct. App. May 18, 2004) (unpublished), and on November 22, 2004, the Michigan Supreme Court denied leave to appeal. *See People v. Powell*, 471 Mich. 921; 688 N.W.2d 830 (2004) (table). The United States Supreme Court denied Petitioner's application for a writ of certiorari on April 18, 2005. *See Powell v. Michigan*, 544 U.S. 983 (2005).

Petitioner alleges in his habeas corpus petition that (1) the trial court deprived him of due process of law when it belittled and disparaged the jurors' questions; (2) the prosecutor injected

issues broader than guilt or innocence and appealed for sympathy; and (3) the police violated his right to due process by failing to electronically record his statement to the police. Respondent argues in an answer to the habeas petition that Petitioner's claims are procedurally defaulted because defense counsel failed to object to the claimed errors during trial.

The Court recently appointed counsel for Petitioner, who alleges that trial counsel was ineffective for failing to object at trial and appellate counsel was ineffective for failing to argue that trial counsel was ineffective. Petitioner has moved to stay these proceedings so that he can exhaust state remedies for these two new claims about his trial and appellate attorneys.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to exhaust available remedies in state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If the Court were to permit Petitioner to amend his habeas petition to include his new ineffective-assistance-of-counsel claims, the petition would be a "mixed" petition of exhausted and unexhausted claims. Courts ordinarily must dismiss habeas petitions containing both exhausted and unexhausted claims, *Rose v. Lundy,* 455 U.S. 509, 522 (1982), but a dismissal of this action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Faced with a similar dilemma, some courts have stayed habeas petitions while inmates return to state court to exhaust remedies for their new claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the inmates exhaust state remedies for their new claims, the courts lift the stay and allow the inmates to proceed in federal court. *Id*. at 275-76.

District courts possess authority to issue stays. *Id.* at 276. Stay and abeyance, however, are appropriate only if (1) there was good cause for the petitioner's failure to exhaust state remedies, (2) the unexhausted claims are not plainly meritless, and (3) the petitioner is not engaged in abusive litigation tactics or intentional delay. *Id*. at 277-78.

Petitioner's unexhausted claims are not plainly meritless, and he is not engaged in abusive litigation tactics. Furthermore, he alleges that his appellate attorney's ineffectiveness is "cause" for his failure to raise his claim about trial counsel on direct review.

The Court concludes that it is not an abuse of discretion to hold this case in abeyance while Petitioner pursues available remedies in state court. Accordingly, Petitioner's motion for a stay [Dkt. 28, Sept. 19, 2008] is **GRANTED.** Petitioner shall file a motion for relief from judgment in state court within **sixty (60) days** of the date of this order. If he is unsuccessful in state court, he may file an amended habeas petition and a motion to re-open this case, provided that he does so within **sixty (60) days** of exhausting state remedies for his new claims. The Clerk of Court is **ORDERED** to close this case for administrative purposes.

    S/Arthur J. Tarnow
    Arthur J. Tarnow
    United States District Judge

Dated: October 3, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on October 3, 2008, by electronic and/or ordinary mail.

    S/Catherine A. Pickles
    Judicial Secretary